UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM H. BAKER,<br><br>             Plaintiff,<br><br>      v.<br><br>THE PHOENIX INSURANCE COMPANY,<br><br>             Defendant. | CASE NO. C12-1788JLR<br><br>ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT |

Before the court is Plaintiff William H. Baker's Motion for Partial Summary Judgment on Coverage. (Mot. (Dkt. # 37).) This is an insurance coverage dispute between Mr. Baker and Defendant The Phoenix Insurance Company ("Phoenix"). Mr. Baker was rear-ended on I-90 by a motorist who did not have enough money or insurance to pay all of Mr. Baker's medical bills. When Mr. Baker made an insurance claim with Phoenix, Phoenix told him that he was not covered for Uninsured-Underinsured Motorist ("UIM") benefits. Phoenix denied his claim despite the fact that an endorsement to his

ORDER- 1

insurance policy said that Mr. Baker's truck was covered for UIM and Medical Payments coverage ("MedPay"). Mr. Baker now argues, among other things, that the endorsement creates an ambiguity in the contract that under Washington law must be resolved in his favor. The court agrees and GRANTS Mr. Baker's motion.[1]

## I.  BACKGROUND

Mr. Baker made a UIM claim with Phoenix after he was rear-ended on I-90 by an uninsured/underinsured[2] motorist named Sameer Mohamed. (Compl. (Dkt. # 1-2) ¶¶ 4.1-4.3.) Mr. Mohamed's car hit Mr. Baker's 1993 Dodge truck from behind, pushing Mr. Baker's truck into the car directly ahead of Mr. Baker. (*Id.* ¶¶ 4.3-4.5.) The parties do not dispute that Mr. Mohamed was the sole cause of the accident. The truck was registered in Mr. Baker's name, but it was not insured in his name. (Shoemaker Decl. (Dkt. # 15-4) Ex. D at 3, 7.) Instead, it was insured by a company owned by Mr. Baker's adult son, William S. Baker (hereinafter "WSB") under a Commercial General Liability ("CGL") policy of that company, Bibb Construction LLC ("Bibb"). (*Id* at 7; *Id.* Ex. A.)

---

[1] Phoenix has requested oral argument, but the court denies this request. Oral argument is not necessary where the non-moving party would suffer no prejudice. *Houston v. Bryan*, 725 F.2d 516, 517-18 (9th Cir. 1984). "When a party has [had] an adequate opportunity to provide the trial court with evidence and a memorandum of law, there is no prejudice [in refusing to grant oral argument]." *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998) (quoting *Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991)) (alterations in *Partridge* ). "In other words, a district court can decide the issue without oral argument if the parties can submit their papers to the court." *Id.* Here, the issues have been thoroughly briefed by the parties and oral argument would not be of assistance to the court. Accordingly, the court will not hold oral argument

[2] The Complaint does not make clear whether Mr. Mohamed was underinsured or uninsured, describing him as "underinsured and possibly uninsured," and "underinsured/uninsured." (Compl. ¶¶ 4.3, 4.5.) It makes no difference to this motion whether Mr. Mohamed was underinsured or uninsured.

ORDER- 2

Phoenix denied Mr. Baker's UIM claim, informing him that he had no UIM coverage under Bibb's policy. (*Id.* Ex. F.) Phoenix informed Mr. Baker that, although Bibb's policy included $1,000,000.00 of UIM coverage, this coverage only applied to automobiles owned by Bibb. (*Id.*) Phoenix told Mr. Baker that since he, not Bibb, owned the 1993 Dodge, it was not covered by Bibb's policy. (*Id.*) Accordingly, Phoenix denied Mr. Baker's UIM claim entirely. (*Id.*)

But things are not as simple as Phoenix claims. It is true that Bibb's policy originally provided UIM coverage only for autos owned by Bibb. (*See id.*) However, before the accident, WSB contacted his insurance agent to add the 1993 Dodge to the policy. (WSB Decl. (Dkt. # 19-1) ¶¶ 4-5.) Phoenix agreed to add the Dodge and issued an endorsement to the policy that named it as an insured auto. (*See* Shoemaker Decl. Ex. B.) The endorsement showed that the 1993 Dodge was covered for UIM benefits (among other coverages) and that Phoenix would collect a premium for UIM coverage. (*Id.* at 6.) Phoenix did collect this premium. (WSB Decl. ¶ 6.)

Mr. Baker moves for summary judgment, asking the court to declare that he is entitled to UIM and MedPay benefits under the policy. Phoenix opposes the motion and cross-moves for summary judgment, asking the court to dismiss Mr. Baker's arguments.

## II.   ANALYSIS

### A.   Summary Judgment Standard

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007).  The moving party bears the initial burden of showing there is no genuine issue of material fact and that he or she is entitled to prevail as a matter of law.  *Celotex*, 477 U.S. at 323.  If the moving party meets his or her burden, the non-moving party "must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of his case that he must prove at trial."  *Galen*, 477 F.3d at 658.  The court is "required to view the facts and draw reasonable inferences in the light most favorable to the [non-moving] party."  *Scott v. Harris*, 550 U.S. 372, 378 (2007).

**B.     Mr. Baker is Entitled to Summary Judgment on UIM and MedPay Coverage**

      1.   <u>There are no genuine disputes of material fact germane to this motion</u>

There are many disputed facts in this case, but none that need to be resolved before the court can decide the underlying coverage questions.  Interpretation of an insurance contract is a question of law.  *State Farm Gen. Ins. Co. v. Emerson*, 687 P.2d 1139, 1141-42 (Wash. 1984).  Mr. Baker has asked the court to interpret the terms of the contract to determine whether there is coverage.  There is no dispute among the parties with respect to any fact that bears on this question of contract interpretation.  Thus, Mr. Baker has met his initial burden of showing there is no genuine dispute of material fact.  *See Celotex*, 477 U.S. at 323.

### 2. Mr. Baker is entitled to judgment as a matter of law

Mr. Baker makes five different arguments for why he is entitled to judgment as a matter of law. The court focuses on the one that has the most merit and, finding that argument persuasive, does not address the others.

Mr. Baker argues, and the court agrees, that the insurance contract at issue here is ambiguous with respect to whether it provides UIM and MedPay coverage. A contract is ambiguous when, on its face, it is fairly susceptible to two different interpretations, both of which are reasonable. *Weyerhauser Co. v. Comm. Union Ins. Co.*, 15 P.3d 115, 122 (Wash. 2000). Here, the contract is ambiguous because the original policy suggests one reasonable interpretation (there is no coverage) while the endorsement to the policy suggests another (there is coverage).[3] As the court previously held, the original policy, absent the endorsement, does not provide UIM coverage:

> [U]nder the terms of the original policy (not including the endorsement), Mr. Baker has no UIM coverage. Mr. Baker does not seriously dispute this fact, nor could he. (*See* 2d Resp. (Dkt. # 18) at 4-8.) The policy plainly provides UIM coverage for "Owned autos only," which is defined in relevant part as "[o]nly those 'autos' you own." (Shoemaker Decl. Ex. A at 11, 20.) The "you" in that definition is the named insured, Bibb. (*See, e.g.*, *id.* at 3.) Bibb did not own the 1993 Dodge at the time the policy issued or at the time of the accident; Mr. Baker did. This fact is not disputed. Thus,

---

[3] It is true that endorsements, coming later in time, usually control over terms or conditions in the policy where there is inconsistency. *Transcontinental*, 760 P.2d at 343. Here, both sides argue that the policy, by its plain language, supports their interpretation. Thus, arguably, the endorsement should control because it came later in time. This argument raises several additional issues that the court deems it unnecessary to address. Because there is no doubt that the contract is, at a minimum, ambiguous, and because this resolves the issue before the court, the court does not address the question of whether the policy and the endorsement, read as a whole, are "inconsistent" rather than merely susceptible to two reasonable interpretations.

ORDER- 5

the original policy provides no UIM coverage for Mr. Baker or his 1993 Dodge because the 1993 Dodge was not an "owned auto."

(3/5/13 Order (Dkt. # 23) at 4-5.)  This reasoning applies to MedPay coverage as well.  On the other hand, the endorsement to the policy suggests that there is coverage.  (*See* Shoemaker Decl. Ex. B.)  Endorsements become part of the insurance contract even if the result is a new and different contract.  *Transcontinental Ins. Co. v. Wash. Pub. Utils. Dist. Util. Sys.*, 760 P.2d 337, 343 (Wash. 1988).  Endorsements must be read together with the policy to determine the intent of the parties.  *Id.*  Here, the endorsement lists the 1993 Dodge as an insured auto and states that the Dodge is covered for UIM and MedPay benefits.  (Shoemaker Decl. Ex. B at 6.)  The endorsement further states that Phoenix intended to collect a premium for UIM coverage.  (*Id.* at 6.)  There is no dispute that Phoenix did, in fact, collect this premium.  (WSB Decl. ¶ 6.)  Both of these are reasonable interpretations, and neither completely overrides the other.  One interpretation suggests there is coverage, and the other suggests there is no coverage.  As such, the policy is ambiguous with respect to whether Mr. Baker is covered for UIM and MedPay benefits.

Under Washington law, where an insurance policy is ambiguous, courts must resolve the ambiguity in favor of the insured.  *Am. Nat. Fire Ins. Co. v. B&L Trucking & Const. Co., Inc.*, 951 P.2d 250, 256 (Wash. 1998); *Morgan v. Prudential Ins. Co. of Am.*, 545 P.2d 1193, 1195 (Wash. 1976).  Courts may not strain to find an ambiguity in an insurance contract where none exists, nor may they modify clear and unambiguous language in a policy in the guise of construing the policy.  *Farmers Home Mut. Ins. Co. v.*

*Ins. Co. of N. Am.*, 583 P.2d 644, 647 (Wash. Ct. App. 1978); *Britton v. Safeco Ins. Co. of Am.*, 707 P.2d 125, 132 (1985). But that has not happened here. Here, there can be little doubt that the policy is susceptible to two reasonable interpretations.

Accordingly, the court construes the policy in Mr. Baker's favor and, as such, he is entitled to UIM and MedPay benefits under the policy. Phoenix makes only one argument to the contrary, which is that the document is only subject to one reasonable interpretation. The court rejects this argument for the reasons explained above.

### III.  CONCLUSION

For the foregoing reasons, the court GRANTS Mr. Baker's Motion for Partial Summary Judgment (Dkt. # 37). Mr. Baker is entitled to UIM and MedPay coverage under the policy. For the same reasons, the court dismisses Phoenix's counterclaim for reimbursement of MedPay benefits. Finally, Phoenix has nominally incorporated a "Cross Motion for Partial Summary Judgment" into its response brief, arguing that the court should dismiss the arguments made in Mr. Baker's motion. (Resp. (Dkt. # 38) at 1.) It is not clear what relief Phoenix seeks beyond denial of Mr. Baker's motion, but in any event the court DENIES the cross motion for the reasons described above.

Dated this 3rd day of September, 2013.

JAMES L. ROBART
United States District Judge