UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM H. BAKER,<br><br>            Plaintiff,<br><br>v.<br><br>THE PHOENIX INSURANCE COMPANY,<br><br>            Defendant. | CASE NO. C12-1788JLR<br><br>ORDER ON MOTIONS FOR SUMMARY JUDGMENT |

## I.  INTRODUCTION

Before the court are Plaintiff William H. Baker's second motion for summary judgment (Baker MSJ 2 (Dkt. # 63)) and Defendant The Phoenix Insurance Company's ("Phoenix") fourth motion for summary judgment (Phoenix MSJ 4 (Dkt. # 64)). This is a car crash case. Mr. Baker was rear-ended on I-90 by a motorist who did not have enough money or insurance to pay all of Mr. Baker's medical bills. This insurance dispute followed.

As the court has previously noted, certain aspects of this case bear a strong resemblance to the mythical bird with which Defendant shares its name. Each time the court rules on a motion for summary judgment, another one seems to rise—as if by magic—to take its place. The court has expended a substantial amount of judicial resources ruling on these motions—an amount far in excess of the parties' proportionate share of the court's time. Accordingly, the court provides only a brief explanation of its decision to DENY both motions in large part, GRANTING only with respect to Mr. Baker's claim for breach of fiduciary duty. This case is rife with material fact issues regarding whether it was reasonable for Phoenix to deny Mr. Baker insurance coverage, so summary judgment is improper.

## II. FACTUAL BACKGROUND

This is an insurance coverage dispute. Mr. Baker was rear-ended on Interstate 90 by a motorist who did not have enough money or insurance to pay all of Mr. Baker's medical bills. (Compl. (Dkt. # 1-2) ¶¶ 4.1-4.3.) Now, the two sides dispute whether Mr. Baker is entitled to Uninsured-Underinsured Motorist coverage ("UIM") under a Phoenix insurance policy covering Mr. Baker's truck. Mr. Baker alleges breach of contract, bad faith, and numerous other causes of action against Pheonix. (*Id.* ¶¶ 6.1-10.3.)

Mr. Baker made a UIM claim with Phoenix after his car was struck by an uninsured/underinsured[1] motorist named Sameer Mohamed. (Compl. ¶¶ 4.1-4.3.) Mr.

---

[1] The Complaint does not make clear whether Mr. Mohamed was underinsured or uninsured, describing him as "underinsured and possibly uninsured," and

Mohamed's car hit Mr. Baker's 1993 Dodge truck from behind, pushing it into the car directly ahead of Mr. Baker. (*Id.* ¶¶ 4.3-4.5.) The parties do not dispute that Mr. Mohamed was the sole cause of the accident. Meanwhile, Mr. Baker's truck was registered in Mr. Baker's name, but it was not insured in his name. (1st Shoemaker Decl. (Dkt. # 15-4) Ex. D at 3, 7.) Instead, the truck was insured in the name of Bibb Construction LLC ("Bibb"), a company owned by Mr. Baker's adult son. (*Id* at 7; *Id.* Ex. A.)

Phoenix denied Mr. Baker's UIM claim, informing him that he had no UIM coverage under Bibb's policy. (*Id.* Ex. F.) Phoenix informed Mr. Baker that, although Bibb's policy included $1,000,000.00 of UIM coverage, this coverage only applied to automobiles owned by Bibb. (*Id.*) Phoenix told Mr. Baker that since he, not Bibb, owned the 1993 Dodge, it was not covered by Bibb's policy. (*Id.*) Accordingly, Phoenix denied Mr. Baker's UIM claim entirely. (*Id.*)

However, as the court stated in its previous order, this issue is not as simple as Phoenix makes it out to be. It is true that Bibb's policy originally provided UIM coverage only for autos owned by Bibb. (*See id.*) However, before the accident, Mr. Baker's son contacted his insurance agent to add the 1993 Dodge to the policy. (Baker Decl. (Dkt. # 19-1) ¶¶ 4-5.) Phoenix agreed to add the Dodge and issued an endorsement to the policy that named the Dodge as an insured auto. (*See* 1st Shoemaker Decl. Ex. B.) The endorsement stated that the 1993 Dodge was covered for UIM benefits (among other

---

"underinsured/uninsured." (Compl. ¶¶ 4.3, 4.5.) For purposes of this motion, it is irrelevant whether Mr. Mohamed was underinsured or uninsured.

ORDER- 3

coverages) and that Phoenix would collect a premium for UIM coverage. (*Id.* at 6.) Phoenix did collect this premium. (Baker Decl. ¶ 6.)

Mr. Baker moved for summary judgment on the coverage issue, and the court granted his motion. (9/3/13 Order (Dkt. # 47) at 4-7.) The court concluded that Mr. Baker was entitled to UIM coverage as a matter of law because the policy was ambiguous with respect to UIM benefits and, in Washington, ambiguities in insurance contracts are resolved in favor of the insured. (*See id.*) These motions for summary judgment followed.

There has been a substantial amount of motions practice in this case. This is Phoenix's fourth motion for summary judgment (*see* Dkt. ## 14, 25, 42 (withdrawn), 64), and Mr. Baker's second motion for summary judgment (*see* Dkt. ## 37, 63). The parties currently have 10 motions in limine pending (*see* Dkt. ## 74, 77), and have filed two discovery motions (*see* Dkt. ## 56, 59) for a total of 18 motions.

### III. ANALYSIS

**A. Summary Judgment Standard**

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). A fact is "material" if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" if the evidence is such that reasonable persons could disagree about whether

the facts claimed by the moving party are true. *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983).

> [T]he issue of material fact required . . . to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.

*First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968).

The court is "required to view the facts and draw reasonable inferences in the light most favorable to the [non-moving] party." *Scott v. Harris*, 550 U.S. 372, 378 (2007). The court may not weigh evidence or make credibility determinations in analyzing a motion for summary judgment because these are "jury functions, not those of a judge." *Liberty Lobby*, 477 U.S. at 249-50.

The moving party bears the initial burden of showing there is no genuine issue of material fact and that he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets his or her burden, the non-moving party "must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of his case that he must prove at trial." *Galen*, 477 F.3d at 658.

**B.  Summary Judgment is Not Appropriate Because There Are Genuine Disputes of Material Fact**

In light of the volume of motions filed in this case, this order will be brief. Both sides ask for summary judgment with respect to one or more of Mr. Baker's extra-contractual claims. Mr. Baker asks the court to declare that it was unreasonable, as a matter of law, for Phoenix to deny him UIM benefits. (Baker MSJ 2 at 1, 6.) Mr. Baker

asserts that "although reasonableness is usually a question for trial, Phoenix's denial of UIM coverage to Mr. Baker was so clearly unreasonable that Mr. Baker is entitled to judgment as a matter of law on his IFCA claims." (*Id.* at 6.) On the other hand, Phoenix asks the court to declare that it was reasonable, as a matter of law, for Phoenix to deny Mr. Baker UIM benefits. (Phoenix MSJ 4 at 1-2.) Phoenix asserts that its conduct was reasonable because the court declared the policy to be ambiguous and hence, by definition, its interpretation was reasonable. (*See id.* at 2-3.)

      Neither side makes a persuasive argument. The parties' motions demonstrate that there are genuine issues of material fact with respect to reasonableness. (*Compare* Baker MSJ 2 *with* Phoenix MSJ 4.) Each side takes a completely opposite position on reasonableness, and both sides support their position with evidence. (*See, e.g.*, Strzelec Decl. (Dkt. # 50-1); 2d Shoemaker Decl. (Dkt. # 65).) The court concludes that, based on this evidence, reasonable persons could disagree about whether Phoenix's conduct was reasonable. *See Aydin*, 718 F.2d at 902. The court also rejects Phoenix's argument that its conduct was reasonable as a matter of law simply because there were two reasonable interpretations of the insurance contract. (Phoenix MSJ 4 at 2-3.) As noted previously, where there are two reasonable interpretations, the insured is entitled to coverage. *Am. Nat. Fire Ins. Co. v. B&L Trucking & Const. Co., Inc.*, 951 P.2d 250, 256 (Wash. 1998). This rule of law existed when Phoenix made its coverage determination. Thus, it was arguably unreasonable for Phoenix not to extend coverage even though its interpretation of the contract was reasonable. These arguments need to be made to a jury; summary judgment is not appropriate.

However, Phoenix's motion is granted in one respect.  The court dismisses Mr. Baker's claim for breach of fiduciary duty.  Washington courts have yet to recognize a claim for breach of fiduciary duty by an insured against an insurer.  *See Neyens v. Am. Family Mut. Ins. Co.*, No. C12-1038JLR, 2012 WL 5499870, at *2 (W.D. Wash. Nov. 13, 2012); *Safeco Ins. Co. of Am. v. Butler*, 823 P.2d 499, 503 (Wash. 1992); *Van Noy v. State Farm Mut. Auto. Ins. Co.*, 16 P.3d 574, 578-79 (Wash. 2001) (insurance relationship is not a "true fiduciary" relationship); *St. Paul Fire & Marine Ins. Co. v. Onvia, Inc.*, 196 P.3d 664, 667 (2008) (insurance relationship is only "akin to" a fiduciary relationship).

In all other respects, both motions are DENIED.

## IV.  CONCLUSION

For the foregoing reasons, the court GRANTS Phoenix's motion for summary judgment with respect to Mr. Baker's fiduciary duty claim and DENIES Phoenix and Mr. Baker's motions otherwise (Dkt. ## 63, 64).

Dated this 22nd day of January, 2014.

JAMES L. ROBART
United States District Judge